IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADDIE M.C. HARRIS,    *

   Plaintiff,   *

   v.   *   Civil Action No. RDB-14-3685

PUBLISH AMERICA, LLLP, *et al.*,   *

   Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Addie M.C. Harris ("Harris" or "Plaintiff") brings this *pro se* breach of contract action against Defendants Publish America, LLLP ("PA"), Traditional Publishing House, Willem Meiners, and Lawrence Clopper (collectively, "Defendants"). Currently pending are Defendants' Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for Summary Judgment and/or to Dismiss Improper Parties (ECF No. 9); and Defendants' Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion for Summary Judgment and/or to Dismiss Improper Parties (ECF No. 12).[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendants' Motion to Dismiss the original Complaint (ECF No. 9) is MOOT[2] and Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 12) is GRANTED. Accordingly, this case is DISMISSED as to all Defendants.

## BACKGROUND

---

[1] This Court is construing the subject Motion as a motion to dismiss, and not as a motion for summary judgment or to drop improper parties.

[2] As this Court is granting Defendants' Motion to Dismiss the Amended Complaint, Defendants' Original Motion to Dismiss is hereby moot.

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

Plaintiff Addie M.C. Harris entered into an agreement with Publish America regarding her book, "Talking that Talk" ("the Book"). Compl., ECF No. 1. PA published the Book in 2010 and thereafter allegedly withheld the Book's proceeds from Plaintiff. *Id.* In addition, PA did not provide Harris with monthly statements regarding her book sales. *Id.* Harris further asserts that she has tried to get in touch with Defendants for a long time and has "a nice some (sic) of money in there (sic) business." Pl.'s Am. Compl. at pg. 1, ECF No. 11.

The relevant sections of the contract between Plaintiff and PA provide:

> 3(a) <u>Royalties</u>: The Publisher shall pay to the Author the following royalties for sales of any regular edition of the Work or translation thereof in the United States and elsewhere: For the first 2000 copies sold by Publisher or on its behalf: 8 percent of the sales price received by Publisher.
>
> . . .
>
> 15. <u>Statement of Account</u>: The Publisher agrees to render and forward to the Author . . . semi-annual statements of account

>  for so long as copies of the Work subject to royalty are sold. With respect to copies sold, the statement shall indicate the price of each copy sold. The statement shall also indicate both the total royalties payable to Author on sales during the accounting period . . . With each royalty statement, Publisher shall include payment for any amount due and owing as indicated in the statement; however, Author agrees that Publisher shall withhold royalty payments until the amount of royalty payable has reached an aggregate of forty-nine dollars.[3]

Defs.' Mot. to Dismiss Compl. Ex. A3 at pg. 2, 6, ECF No. 9-4.

On August 27, 2014, Plaintiff filed her Complaint (ECF No. 1) in the United States District Court for the Southern District of New York. Plaintiff's Complaint alleges that Defendants are withholding proceeds from her book, "Talking that Talk" and that Defendants have failed to provide her with monthly reports of her book sales. *See generally id*. The action was transferred to this Court on November 24, 2014 after a determination that Harris's claims arose in Frederick, Maryland. Shortly thereafter, Defendants filed a Motion to Dismiss (ECF No. 9) contending that: (1) Plaintiff has failed to allege a plausible claim for royalties; (2) Publishing America does not owe any royalties to Plaintiff; (3) all parties should be dropped; and (4) Plaintiff failed to properly serve Defendants. In response, Plaintiff filed an Amended Complaint (ECF No. 11) and Defendants subsequently moved to dismiss the Amended Complaint (ECF No. 12), asserting the same defenses.

STANDARD OF REVIEW

---

[3] As will be discussed below, a court may consider documents attached to a defendant's motion to dismiss if that document "was integral to and explicitly relied on in the complaint and if the plaintiff[] do[es] not challenge its authenticity." *Pasternak & Fidis, P.C. v. Recall Total Information Management, Inc.*, --- F. Supp. 3d ----, 2015 WL 1405395, *4 (D. Md. Mar. 25, 2015) (quoting *Tucker v. Specialized Loan Servicing, LLC*, --- F. Supp. 3d ----, 2015 WL 452285, *8 (D. Md. Feb. 3, 2015)). Plaintiff's breach of contract claims inherently refer to the agreement between the two parties. Harris also does not dispute the authenticity of the attachment. This Court thus may consider the agreement, as attached to Defendants' Motion to Dismiss.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010). In

4

making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotation marks omitted).

## ANALYSIS

### I. Failure to pay royalties

In Maryland, "to state a claim for breach of contract, a plaintiff must plead the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation." *Allen v. CitiMortgage, Inc.*, Civ. A. No. CCB-10-2740, 2011 WL 3425665, at *5 (D. Md. Aug. 4, 2011) (citing *RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638 (Md. 2010)). Defendants do not dispute that they have a contractual relationship with Plaintiff. Instead, Defendants' Motion to Dismiss contends that Plaintiff's first claim must fail because Plaintiff does not have the contractual right to any royalty payments. In the alternative, Defendants argue that the one year statute of limitations contained in the contract bars Plaintiff's claims. As the contract gives Plaintiff no rights to her specified payments, this Court need not reach the second argument.

Plaintiff alleges that Defendants have breached the contract by withholding proceeds from Plaintiff's Book. The Amended Complaint only adds that she has a "nice some (sic) of money in there (sic) business." Pl.'s Am. Compl. at pg. 1. Yet, the contract between the Plaintiff and PA does not support such a claim. A court's review of a motion to dismiss under to Rule 12(b)(6) generally is "limited to considering the sufficiency of allegations set

5

forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, --- F.3d ----, 2015 WL 1137142, *7 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). A court, however, may consider documents attached to a defendant's motion to dismiss if that document "was integral to and explicitly relied on in the complaint and if the plaintiff[] do[es] not challenge its authenticity." *Pasternak & Fidis*, --- F. Supp. 3d ----, 2015 WL 1405395, at *4. The contract between Plaintiff and PA is integral to and explicitly mentioned by Plaintiff in her Complaint and Amended Complaint.

Under the terms of the contract, an author's royalties payable is eight percent of the sales price received by PA for the first 2000 copies of a work sold. Defs.' Mot. to Dismiss Compl. Ex. A3 at pg. 2. An author is not entitled to any royalty payments, however, until the amount of royalties payable has reached an aggregate of forty-nine dollars. *Id.* at pg. 6. Plaintiff offers no facts indicating that she has sold any books let alone enough to reach that threshold. Although a *pro se* plaintiff's allegations are "liberally construed," *Erickson*, 551 U.S. at 94, she must still allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. Harris simply provides nothing more than conclusory and vague allegations in support of her claim. She does not provide an estimate of how many books she sold, the sum of money in royalties to which she is entitled, or any facts relevant to this claim. Absent any facts to support her breach of contract claim for failure to pay royalties, she does not state a claim for which relief may be granted. Accordingly, Defendants' Motion to Dismiss the Amended Complaint is GRANTED as to Plaintiff's first claim.

### II. Failure to provide monthly statements

Next, Plaintiff claims that Defendants breached the contract by failing to provide her with monthly statements regarding book sales. The contract, however, specifically states that Harris is entitled to only semi-annual statements. Defs.' Mot. to Dismiss Compl. Ex. A3 at pg. 6. Plaintiff alleges no oral agreement or promises made outside the contract to send monthly statements, or any facts supporting her position. Once again, she has failed to state a claim for which relief may be granted.  Accordingly, Defendants' Motion to Dismiss the Amended Complaint is GRANTED as to Plaintiff's second claim.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss the original Complaint (ECF No. 9) is MOOT and Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 12) is GRANTED. Accordingly, this case is DISMISSED as to all Defendants.

A separate Order follows.


Dated: July 17, 2015

_____/s/_____
Richard D. Bennett
United States District Judge